IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN KOZLOWSKI,

  Plaintiff,

v.

RANDALL HEPP, EDWARD WALL,
JON LITSCHER, GARY HAMBLIN,
CATHY JESS, MARC W. CLEMENTS,
JOY TASSLER, MICHAEL MCCORMICK,
PAT CHAMBERLAIN, AND
JOHN MAGGIONCALDA,

  Defendants.

ORDER

Case No. 19-cv-302-jdp

---

  In an order entered on May 20, 2019, plaintiff Stephen Kozlowski was granted leave to proceed against defendants Randall Hepp, Edward Wall, Jon Litscher, Gary Hamblin, Cathy Jess, Marc W. Clements, Joy Tassler, Michael McCormick, Pat Chamberlain, and John Maggioncalda. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the DOJ filed an Acceptance of Service of plaintiff's complaint on behalf of all defendants, except defendant Edward Wall.

  Because plaintiff paid the full $400 filing fee, he is not proceeding *in forma pauperis*, which means that U.S.C. U.S.C. § 1915(d) does not require that the court effect service on plaintiff's behalf. Rather I am directing the clerk's office to forward the summons, complaint, and a copy of the court's May 20 leave to proceed order to plaintiff to arrange for service on defendant Edward Wall following a method approved under Fed. R. Civ. P. 4. Attached to this order is the "Procedure for Serving a Complaint on an Individual in a Federal Lawsuit."
The Attorney General's office has agreed to accept electronic service of documents on behalf of the defendants it represents through the court's electronic filing system. This means that for

1

the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document filed with the court to the Attorney General's office or defendants Randall Hepp, Jon Litscher, Gary Hamblin, Cathy Jess, Marc W. Clements, Joy Tassler, Michael Mccormick, Pat Chamberlain, and John Maggioncalda.

However, because the Department is not representing defendant Edward Wall, plaintiff will still be required to send paper copies of each document filed with the court to counsel for Edward Wall. Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the soon-to-be-scheduled preliminary pretrial conference.

ORDER

IT IS ORDERED that the clerk's office is directed to forward the summons and a copy of the complaint and the court's May 20 leave to proceed order to plaintiff to arrange for service on defendant Edward Wall. Plaintiff is to promptly serve the complaint, along with the May 20 leave to proceed order, on defendant Edward Wall and file proof of service as soon as service has been accomplished.

Entered this 31st day of July, 2018.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge